IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 1:01-cr-00009-SPM-AK

ERIC B. WOLFF,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 249, Motion to Vacate under 28 U.S.C. § 2255, by Eric B. Wolff. The Government has filed its response, Doc. 251, and Defendant has filed his reply. Doc. 254. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the motion be denied.

## BACKGROUND

On September 5, 2001, the defendant, Eric B. Wolff, was found guilty of conspiracy to manufacture more than 1,000 marijuana plants and of manufacturing more than 100 marijuana plants. Doc. 99. He was sentenced to 120 months imprisonment on Count One and 63 months imprisonment on Count Two, to run concurrently. Docs. 169 & 173. Defendant appealed, and his conviction and sentence were affirmed by the Eleventh Circuit. Doc. 247.

The instant petition was timely filed on July 15, 2004. Doc. 249. On this occasion, Defendant raises one issue, namely, that *Blakely* applies to this case. *Id*. at 5. More specifically, Defendant argues:

    Movant was sentenced on February 4, 2002, to a term of 120 months on Count 1

> and 63 months on Count 2 to be served concurrently for violation of Title 21 USC §§ 841 and 846.  The pre-sentence investigation report and sentencing resulted in enhancements that were not rendered by the jury resulting in violation of the Apprendi Rule...and Blakely.  The maximum sentence movant should have received if punished according to the facts reflected in the jury verdict alone would be less than the 120 months sentence received.

*Id*.

Neither *Blakely*, *Booker*, which is based on *Blakely*, nor *Apprendi* is retroactively applicable to cases on collateral review.  *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005);  *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001).  Furthermore, Defendant has not raised anything in his motion or his reply that meet the *Sandvik* requirements for equitable tolling.  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (equitable tolling is appropriate when movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence).

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to vacate, Doc. 249, be **DENIED.**

**IN CHAMBERS** at Gainesville, Florida, this *6th* day of April, 2007.

                              *s/ A. KORNBLUM*
                              **ALLAN KORNBLUM**
                              **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**